**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **DAVID E. MACK,** )<br>)<br>*Plaintiff*, )<br>v. )<br>)<br>**PALISADES COLLECTION, LLC,** )<br>)<br>*Defendant.* )<br>_____) | Civil Action No. 4: 11-cv-00344 |

**DEFENDANT, PALISADES COLLECTION, LLC'S,
<u>ANSWER AND AFFIRMATIVE DEFENSES</u>**

Defendant, Palisades Collection, LLC ("Palisades"), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the First Amended Complaint filed by Plaintiff, David E. Mack (Plaintiff), and states:

### <u>JURISDICTION</u>

1. Palisades admits the allegations in ¶ 1 for jurisdictional purposes only.

### <u>PARTIES</u>

2. Upon information and belief, Palisades admits the allegations in ¶ 2.

3. Palisades admits it is a New Jersey corporation and subsidiary of Asta Funding. Except as specifically admitted, Palisades denies the allegations in ¶ 3, including subparagraphs (a) – (c) for lack of knowledge or information sufficient to form a belief therein.

## VENUE

4. Palisades admits venue is proper. Except as specifically admitted, Palisades denies the allegations in ¶ 4 for lack of knowledge or information sufficient to form a belief therein.

5. Upon information and belief, Palisades admits the allegations in ¶ 5.

## GENERAL ALLEGATIONS

6. Palisades admits it sent a letter to Plaintiff. The letter speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 6 state otherwise, they are denied.

7. Palisades admits its records reflect it received a letter from Plaintiff. The letter speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 7 state otherwise, they are denied.

8. Palisades denies the allegations in ¶ 8.

9. Palisades admits it sent a letter to Plaintiff. The letter speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 9 state otherwise, they are denied.

10. Palisades admits its records reflect it received a letter from Plaintiff. The letter speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 10 state otherwise, they are denied.

11. Palisades denies the allegations in ¶ 11.

## COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### FDCPA 15 U.S.C. §1692g(B) BY DEFENDANTS PALISADES,
### MJSPC, AND MICHAEL J. SCOTT

12. Palisades reasserts the foregoing as if fully stated herein.

13. Palisades denies the allegations in ¶ 13 as calling for a legal conclusion.

14. Palisades denies the allegations in ¶ 14 as calling for a legal conclusion.

15. Palisades denies the allegations in ¶ 15 for lack of knowledge or information sufficient to form a belief therein.

16. Palisades denies the allegations in ¶ 16.

## TRIAL BY JURY

17. Palisades admits Plaintiff seeks trial by jury but denies any and all liability, wrongdoing or damages under the law.

## AFFIRMATIVE DEFENSES

1. Plaintiff has not stated a claim upon which relief may be granted.

2. To the extent any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

3. Palisades denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of Palisades's purported violations.

4. One or more claims asserted by Plaintiff are barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

5. Assuming Plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

6.	Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than Palisades that were beyond the control or supervision of Palisades or for whom Palisades was and is not responsible or liable.

7.	Plaintiff has improperly filed this as a separate action from *David E. Mack v. Palisades Collection, LLC, et al.,* Cause No. 4: 11-cv-00343, as the 2 claims stem from the same transaction or occurrence. The cases should be consolidated in the interests of avoiding unnecessary litigation and conserving judicial resources.

WHEREFORE, Defendant, Palisades Collection, LLC, requests the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Respectfully submitted,

/s/ Jessica A. Hawkins
Jessica A. Hawkins
State Bar No.  24068029
**Sessions, Fishman, Nathan & Israel, LLC**
900 Jackson Street, Suite 440
Dallas, Texas 75202
Telephone:  214-741-3001
Facsimile:  214-741-3055

**Attorney for Defendant,
Palisades Collection, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of July, 2011, a true and correct copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to Plaintiff via U.S. Mail at the address below:

David E. Mack
7720 McCallum Boulevard #2099
Dallas, Texas 75252

/s/ Jessica Hawkins
Jessica Hawkins