## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| DAVID E. MACK, | ) |
| | ) |
| *Plaintiff*, | ) |
| v. | ) |
| | ) |
| | )   **Civil Action No. 4: 11-cv-00344** |
| PALISADES COLLECTION, LLC, | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
## <u>UPON WHICH RELIEF CAN BE GRANTED</u>

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants, Michael J. Scott, P.C., and Michael J. Scott (referred to, collectively, hereafter as "the MJSPC Defendants"), file this Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and in support thereof would show as follows:

1.      This motion is made before pleading any other matters.

2.      **Legal Standard** - A complaint must be dismissed when the allegations fail to state a claim upon which relief can be granted, Rule 12(b)(6) Fed. R. Civ. P. The United States Supreme Court has clarified that "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Bell Atlantic Corp. vs Twombly* , 550 U.S. 544, 555 (2007) *citations omitted*. Instead, a complaint must contain "enough facts to state a claim to relief that is plausible on its face," *Ashcroft vs Iqbal*, 129 S.Ct.  1937, 1949 (2009) (quoting *Twombly* at 570). The Plaintiff has not stated sufficient facts upon which to base a complaint.

---

3.      The Plaintiff has brought this suit alleging only violations of Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*  ("FDCPA").

4.      The Plaintiff has alleged only one violation of the FDCPA by the MJSPC Defendants – an allegation that Plaintiff "received a collection notice from MJSPC signed by Michael J. Scott on behalf of Palisades dated March 16, 2011." (Am. Compl. at ¶ 15.)

5.       Plaintiff makes no mention of the MJSPC Defendants at any time in the general allegations portion of Plaintiff's Amended Complaint for Violations of the FDCPA.  The only reference to behavior by the MJSPC Defendants is in the description of Count I of Plaintiff's claim: Plaintiff "received a collection notice from MJSPC signed by Michael J. Scott on behalf of Palisades dated March 16, 2011."  Even if there was factual support for this described behavior, receipt of a collection notice is not sufficient to state a violation under the FDCPA under 15 USC § 1692g(b). A violation would only occur if the MJSPC Defendants sent collection materials to Plaintiff after the MJSPC Defendants received a notice to cease and desist or a request for verification of the debt as required by FDCPA. 15 USC § 1692g(b); *Opping v. First Union Mort. Corp.*, 326 Fed. Appx. 663 (3d Cir. 1991).

6.      There is simply no allegation that the MJSPC Defendants ever received a cease and desist letter or a request for verification of debt from Plaintiff, and there is no allegation that the MJSPC Defendants ever sent collection materials to Plaintiff after receipt of such materials.  As a result, Plaintiff has failed to state a claim for the FDCPA violation described as Count I (the only Count) of Plaintiff's Amended Complaint.

7.      It is clear that the Plaintiff can prove no set of facts which would entitle him to relief. The Court should therefore dismiss this suit with prejudice.

---

WHEREFORE, the MJSPC Defendants respectfully requests that the Court dismiss this cause of action with prejudice and for such other and further relief, both at law and in equity, to which the Defendants may be justly and legally entitled.

Respectfully Submitted,

**MICHAEL J. SCOTT, P.C**
1120 Metrocrest Drive, Suite 100
Dallasl, Texas 75206
Tel:  (214) 234-8456
Facsimile:  (214) 234-8454

/s/Michael J. Scott
Michael J. Scott
SBN 24000876
Teri Stewart Mace
SBN: 12759480

## Certificate of Service

This is to certify that a true and correct copy of this instrument was this day forwarded to all counsel of record through the Court's ECF system and to those identified below via the United States Postal Service.

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas75252

Jessica A. Hawkins, Esq.
Sessions, Fishman, Nathan & Isreal, LLC
900 Jackson Street, Suite 400
Dallas, Texas 75202

Signed July 22, 2011.

/s/Michael J. Scott
Michael J. Scott